UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings:   ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [11]

Before the Court is Plaintiff Jose Gomez's motion for remand. ECF No. 11. For the reasons below, the motion is GRANTED.

I.  **Factual and Procedural Background**

On April 15, 2024, Plaintiff Jose Gomez brought Song-Beverly Act claims against Defendant Nissan North America, Inc. ("Defendant" or "Nissan") in Superior Court of the State of California, Los Angeles. Defendant was personally served the complaint on April 16, 2024. Jung Decl. ¶ 6, Ex. 2.

Plaintiff's complaint makes the following allegations:

On September 26, 2022, Plaintiff leased a 2023 Nisan Rogue (the "Subject Vehicle") from Defendant. Compl. ¶ 8, ECF No. 1-1. While Plaintiff leased the Subject Vehicle, rather than purchasing it outright, the "approximate value" of the Subject Vehicle was $36,538. *Id.* The Subject Vehicle came with various warranties, including an agreement that Defendant would preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance. *Id.* ¶ 9.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

The Subject Vehicle suffered from serious defects and nonconformities to warranty. *Id.* ¶ 10. Plaintiff accordingly presented the Subject Vehicle to Defendant for repair in September 2023, and then again in December 2023. *Id.* ¶¶ 11-12.

Finally, because of the defects in the Subject Vehicle, Plaintiff "revoke[d] acceptance of [his] Lease Agreement" and brought implied and express warranty claims under the Song-Beverly Act. *See generally id.* ¶¶ 18-59. Plaintiff sought "reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities." *Id.* Additionally, because Plaintiff alleged that "Defendant willfully violated the Song-Beverly Act," Plaintiff sought "a civil penalty of up to two times the amount of actual damages." *Id.* ¶ 32. Plaintiff further sought "incidental and consequential damages." *Id.* ¶¶ 45, 58. And last, Plaintiff sought "a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action." *Id.* ¶ 31.

Nearly four months after being served with the complaint, on October 18, 2024, Defendant removed the case to this Court. ECF No. 1. Plaintiff now moves to remand, arguing that Defendant's removal was untimely. ECF No. 11.

## II.     Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, No. 21-cv-01112-BAS-BGS, 2021 U.S. Dist. LEXIS 185773, *3 (S.D. Cal. Sept. 28, 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may only hear cases as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3; 28 U.S.C. § 1332(a)–(a)(1). "'The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3–4 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, No. EDCV 19-967 PSG (RAOx), 2020 U.S. Dist. LEXIS 51882, *3 (C.D. Cal. Mar. 24, 2020). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

### III. Discussion

#### A. The Timeliness of Defendant's Removal

There are two different possible deadlines for a defendant to remove, depending on the circumstances. *See* 28 U.S.C. § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692-93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint," then the defendant must file a notice of removal within 30 days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the defendant need not immediately remove, and instead must remove "within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C. § 1446(b)(1)). Beyond those two deadlines, a defendant *may* remove a case where it "could have demonstrated removability earlier based on its knowledge beyond the pleadings." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013).

In this case, Defendant removed the case ~four months after receiving the complaint. ECF No. 1. The question for the Court is therefore whether this case "clearly [was] removable on the basis of

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

jurisdictional facts apparent from the face of the complaint," as that would place Defendant's removal deadline 30-days after receipt of the complaint, which, in turn, would render Defendant's removal ~four months after receipt of the complaint untimely.

Finding that an action is "clearly removable on the basis of jurisdictional facts apparent from the face of the complaint" requires that removability be clear from the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 692-94. "In other words, even if the defendant has access to information that might show a case is removable, or could uncover such information through an investigation, the defendant is not obligated to remove within 30 days of service unless the ground for removal is obvious on the face of the complaint." *Mata v. Ford Motor Co.*, No. 5:23-cv-01185-MEM, 2023 WL 9105649, at *2 (C.D. Cal. Dec. 7, 2023).

Defendant removed this case by asserting diversity jurisdiction. Diversity jurisdiction requires there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3; 28 U.S.C. § 1332(a)–(a)(1). Thus, to find that the case was "clearly removable" based on the "face of the complaint," the complaint must make clear that there is complete diversity and an amount of controversy over $75,000.

      **i.**      **It was not clear on the face of Plaintiff's complaint that the amount in controversy was over $75,000.**

"When determining the amount in controversy the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint." *Miranda v. Nissan N. Am., Inc.*, No. 24-cv-5146, 2024 WL 3740095, at *2 (C.D. Cal. June 26, 2024). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

"A party may have sufficient information to provide notice of removability even in the absence of a receipt of paper alleging a specific dollar amount of damages." *Miranda*, 2024 WL 3740095, at *2 (citing *Kroske v. U.S. Bank. Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). Indeed, while "defendants need not make extrapolations or engage in guess work," "the [removal] statute [nonetheless] requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140 (noting that "[m]ultiplying figures clearly stated in the complaint" is within a defendant's duty to apply a "reasonable amount of intelligence in ascertaining removability").

Here, Plaintiff's complaint asserts (1) that the "approximate value" of the car is $36,538; (2) that Plaintiff seeks actual damages under the Song-Beverly Act; (3) that Plaintiff seeks two times the actual damages as a statutory penalty; and (4) that Plaintiff seeks attorney fees, costs, incidental damages, and consequential damages. *See* ECF No. 1-1. These four allegations, even taken together, do not establish that the amount in controversy is over $75,000.

The problem for Plaintiff is that he does not adequately allege the value of actual damages. Traditionally, "[a]ctual damages under the Song-Beverly Act are the 'amount equal to the actual price paid by the buyer,' less the reduction in value 'directly attributable to use by the buyer.'" *Stupin v. Gen. Motors LLC*, No. 2:23-cv-06943-SVW, 2024 WL 811706, at *2 (C.D. Cal. Feb. 27, 2024). This calculation also "includes a mileage offset," which "is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven." *Garcia v. Volkswagen Grp. Of Am., Inc.*, No. 2:23-cv-02244-FLA, 2023 WL 7201402, at *2 (C.D. Cal. Oct. 31, 2023).

But if a plaintiff leased the subject vehicle rather than purchased it, as is the case here, the calculation of actual damages is slightly different. In that case, courts "consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Longoria v. Ford Motor Co.*, No. 2:22-cv-07560-JLS, 2022 WL 16961482, at *2 (C.D. Cal. Nov. 16, 2022) (quotations omitted). Indeed, "a lease situation differs from a purchase inasmuch as the actual amount paid on the lease and the mileage offset could vary widely depending on

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

the terms of the lease, the time elapsed on the lease, and how much Plaintiff drove the car." *Id.* (quotations omitted).

Accordingly, while Plaintiff surely alleges that the approximate value of the car is $36,538, this does nothing to inform Defendant of the "amount [that Plaintiff] has actually paid on [his] lease," let alone what the applicable mileage offset would be in this case. *See id.* Without this information, Defendant has no clear notice of the value of the actual damages sought by Plaintiff. And with actual damages unknown, the two times actual damages statutory penalty available under Song-Beverly becomes equally indeterminate. Plaintiff's last two damages related allegations—request for incidental and consequential damages as well as attorney fees—are vague boilerplate requests that are unaccompanied by any numbers or estimates.

In sum, this case was not "clearly removable on the basis of jurisdictional facts apparent from the face of the complaint," as the complaint did not make clear that the amount in controversy was over $75,000. Defendant thus did not have to file for removal within 30 days of receiving the complaint. Correspondingly, the Court holds that Defendant's removal was timely.

### B. Diversity Jurisdiction

While the Court will not remand this case on the grounds that Defendant's removal was untimely, the Court must still evaluate whether this case sufficiently satisfies the requirements of diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3; 28 U.S.C. § 1332(a)–(a)(1).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

### ii. Amount in Controversy

As the Court found above, the Plaintiff's complaint does not specify the amount in controversy, nor is the amount in controversy obvious from the face of the complaint. For this reason, the Court must determine if Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garrett v. Mercedes-Benz USA, LLC*, No. EDCV 23-223 JGB (SPx), 2023 U.S. Dist. LEXIS 61312, *5 (C.D. Cal. Apr. 6, 2023) (citing *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020)).

Defendant contends that the amount in controversy is satisfied by a combination of actual damages, civil penalties, and attorneys' fees. The Court will address each in turn.

### a. Actual Damages

"Actual damages under the Song-Beverly Act are the 'amount equal to the actual price paid or payable by the buyer,' less the reduction in value 'directly attributable to use by the buyer.'" *Casillas v. Nissan N. Am., Inc.*, No. 8:22-cv-02013-DOC-JDE, 2023 WL 2634285, *2 (C.D. Cal. Mar. 23, 2023) (quoting Cal. Civ. Code § 1792(d)(2)(B)-(C)). "California courts have held that 'actual price paid or payable,' includes all amounts plaintiffs become legally obligated to pay when they agreed to buy the vehicle." *Godoy v. Jaguar Land Rover N. Am., LLC*, No. 23-cv-03771-JCS, 2024 WL 4682310, at *3 (N.D. Cal. Nov. 5, 2024) (citing *Mitchel v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38 (2000)).

In cases involving leases, as is the case here, "the 'price paid' under the statute is not the MRSP, but only what Plaintiff has paid under [the] lease."[1] *Id.*; *see also Longoria v. Ford Motor Co.*, No. 2:22-

---

[1] This makes intuitive sense when one thinks about the general principle of restitution embodied in Cal. Civ. Code § 1793.2(d)(2)(B). The point of restitution is to put the Plaintiff in the position they were in prior to the contract. Considering the entire value of the lease, rather than just the amounts actual paid, would go beyond this purpose, as it would compensate plaintiffs for a larger portion of the car than they have earned through their lease payments.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

cv-07560-JLS, 2022 WL 16961482, at *2 (C.D. Cal. Nov. 16, 2022) (explaining that courts should "consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met"). This is, of course, "consistent with the [Song-Beverly] Act's use of the term 'restitution,' and the Legislature's intent 'to restore the status quo ante as far as is practicable.'" *Id.*

Neither Defendant nor Plaintiff explicitly provides adequate information for the Court to determine how much plaintiff has paid on her lease. Defendant merely states that "Plaintiff signed a 48-month lease and has made more than half of the payments under the Lease Agreement." Opposition to Motion to Remand at 10, ECF No. 12.

The Court, however, can determine an adequate estimate of Plaintiff's lease payments based on her lease agreement. *See* ECF No. 10-2, Ex. A. Plaintiff signed her lease on September 26, 2022. *Id.* The lease was to last 48 months, with Plaintiff paying $770.62 on the 26th of each month. *Id.* Plaintiff also paid $1,500 at the time he signed the lease. *Id.* Running the numbers, as of the date that Plaintiff filed suit against Defendant, Plaintiff had made 20 lease payments. These payments, plus the initial $1,500, totals to $16,912.40.

This calculation, however, does not end the analysis of actual damages. Courts must consider the "reduction in value 'directly attributable to use by the buyer,'" often referred to as a "mileage offset." *Casillas*, 2023 U.S. Dist. LEXIS 50796, *2 (C.D. Cal. Mar. 23, 2023) (quoting Cal. Civ. Code § 1792(d)(2)(B)-(C)). The mileage offset is the actual price of the new vehicle paid or payable by the buyer multiplied by a fraction composed of a denominator of 120,000 and a numerator of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle for repair. *Watson v. BMW of N. Am., LLC*, No. 2:22-cv-01514-DAD-JDP, 2022 U.S. Dist. LEXIS 192386, at *7 (E.D. Cal. Oct. 20, 2022).

From the time Plaintiff entered into the lease agreement to when the Plaintiff brought the Subject Vehicle in for repair, he drove 53,460 miles. Applying the formula above, Plaintiff's mileage offset is

:

| | |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

therefore $7,534.47.[2] Subtracting this mileage offset from the amount that Plaintiff has paid on the lease, the actual damages are $9,377.93.

### b. Civil Penalties

Damages under the Song-Beverly Act include a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code § 1794(c). These civil penalties, however, are only available if the Defendant violated the Act willfully. Cal Civil Code § 1794(c). Here, Plaintiff does allege that Defendant violated the Song-Beverly Act willfully, but he does it exclusively through conclusory statements—Plaintiff provides no factual allegations in support of her willfulness claim.

In such scenarios where willful violation of the Act is alleged conclusory by plaintiffs, district courts are split on whether these civil penalties may be considered when determining the amount in controversy. To be sure, some district courts have considered these penalties in meeting the amount in controversy. *See e.g., Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *8–9 (including civil penalties in amount in controversy); *Gonzalez*, 2020 U.S. Dist. LEXIS 51882, at *8–9 (same); *Ayala*, 2021 U.S. Dist. LEXIS 120298, at *10 (same); *Modiano v. BMW of N. Am. LLC*, No. 21-cv-00040-DMS-MDD, 2021 U.S. Dist. LEXIS 49293, at *8–9 (S.D. Cal. Mar. 16, 2021) (same).

However, other courts have been more reluctant to do so. They note that "a Song-Beverly Act plaintiff's mere allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy." *Vega v. Ford Motor Co.*, No. 2:22-cv-01392-FLA (PDx), 2023 U.S. Dist. LEXIS 140798, *5 (C.D. Cal. Aug. 11, 2023); *see also Estrada v. FC US LLC,* No. 2:20-cv-104530PA (JPRx), 2021 U.S. Dist. LEXIS 12394, *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where

---

[2] Defendant calculated a mileage offset of $16,277.68, which seems to be the fraction of miles driven (~53,000/120,000) multiplied by Plaintiff's assertion of the value of the car: $36,538. But $36,538 is not the proper valuation of the Subject Vehicle given that it was leased, not purchased. As explained above, the proper value of Plaintiff's vehicle is $16,912, the amount he has paid towards his lease. Using this number, the mileage offset becomes $7,534.47.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

defendant's inclusion of civil penalties to establish amount in controversy was too speculative and not adequately supported by the facts and evidence).

The Court finds the latter approach more convincing. Defendant bears the burden of showing that removal is appropriate by a preponderance of the evidence. *Garrett*, 2023 U.S. Dist. LEXIS 61312, *5. Pointing to Plaintiff's conclusory assertion that Defendant's violation of the Song-Beverly Act was willful, without pointing to a single factual allegation in support of that conclusion, does not meet this standard. Moreover, holding that such conclusory allegations can support removal is contrary to the "strong presumption against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992).

Courts that have included Song-Beverly Act civil penalties in the amount in controversy often reason that requiring defendants to identify non-speculative reasons that a civil penalty may be imposed "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *See, e.g., Selinger v. Ford Motor Co.*, No. 2:22-cv-08883-SPG-KS, 2023 U.S. Dist. LEXIS 61254, 2023 WL 2813510, at *28 (C.D. Cal. Apr. 5, 2023). But that argument misunderstands what Defendant must show. Defendant must show only that there are allegations in Plaintiff's complaint that rise beyond mere speculation or conclusory theorizing; Defendant is not required to provide any evidence that those allegations in Plaintiff's complaint are true. *Garrett*, 2023 WL 2813564, at *1) (declining to consider civil penalties because "Defendant has not bothered to cite a single specific allegation from the Complaint, raise any actual argument regarding 'willfulness' or apply analogous precedent to the facts of this case").

In sum, the Court finds that Plaintiff's conclusory allegations of willfulness insufficient, and thus it will not consider Song-Beverly Act civil penalties when determining the amount in controversy.[3]

---

[3] Even if the Court did consider civil penalties, given that actual damages are less than $10,000, applying a two-times civil penalty would not put the amount in controversy over $75,000.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | Jose Gomez v. Nissan North America, Inc. | | |

### iii. Attorney Fees

Also, in support of the amount in controversy, Defendant asserts attorney fees of $17,016.50, arguing that this is a reasonable estimate because a similar Song-Beverly Act case against Defendant incurred that much in fees. The Court is not convinced by this argument.

"Prevailing case authority does not support the proposition that district courts weighing subject matter jurisdiction in Song-Beverly Act claims must assume that the upper extreme of attorney[s'] fee awards granted in other Song-Beverly Act cases must be included in the amount in controversy. If this were the law, district courts would be unable to remand Song-Beverly Act cases for insufficient amounts in controversy. District courts, however, regularly do so." *Vega*, 2023 U.S. Dist. LEXIS 140798 at *7–8. "Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the [C]ourt finds Defendant has failed to submit evidence substantiating any specific amount of attorney[s'] fees in controversy." *Id.* at *8.

In sum, the Court finds Defendant's actual damages to be less than $10,000. It also holds that, given Plaintiff's allegations and Defendant's arguments, that considering civil penalties or attorney fees to determine the amount in controversy in this case would be improper. The Court therefore finds that Defendant has failed to show by a preponderance of the evidence that the amount in controversy is above $75,000.

### iv. Complete Diversity

Because the Court has already determined that Defendant did not establish the required amount in controversy for diversity jurisdiction, the Court need not evaluate whether the complete diversity requirement is met.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09020-SVW | Date | January 3, 2025 |
|---|---|---|---|
| Title | *Jose Gomez v. Nissan North America, Inc.* | | |

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for remand.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |